**COURT OF CHANCERY
OF THE
STATE OF DELAWARE**

KATHALEEN ST. JUDE MCCORMICK
CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

September 18, 2025

ATM Shafiqul Khalid
17446 NE 28th Street
Redmond, WA 98052

Catherine A. Gaul
Randall J. Teti
ASHBY & GEDDES
500 Delaware Avenue, 8th Floor
Wilmington, DE 19899

> Re:   *ATM Shafiqul Khalid v. Elon R. Musk et al.,*
>        C.A. No. 2024-0443-KSJM

Dear Mr. Khalid and Counsel:

This letter resolves Plaintiff's August 8, 2025 motion titled "Rule 59(a) Motion to Review Prior Opinion on Defendant's Motion to Dismiss on New Ground."[1]

Plaintiff requests review and reconsideration under Rule 59(a) on the ground that Mr. Musk's termination letter constitutes new evidence.[2]  Plaintiff's reliance on Rule 59(a) is misplaced.   Plaintiff's request appears to seek relief in connection with the July 18, 2025 Memorandum Opinion resolving Defendants' Motion to Dismiss.[3] The Memorandum Opinion resolved a pleading-stage motion.  Rule 59(a) governs requests for new trials, not relief in connection with pleading-stage determinations.[4] So Rule 59(a) does not apply.

---

[1] C.A. No. 2024-0443-KSJM, Docket ("Dkt.") 42.

[2] *Id.* at 1–2.

[3] *See* Dkts. 35.

[4] *See* Ct. Ch. R. 59(a) ("A new trial may be granted to all or any of the parties, and on all or part of the issues for any of the reasons for which rehearings have heretofore been granted in suits in equity.").

In what is perhaps an overly generous application of the procedural leniency this court grants self-represented litigants, I am treating Plaintiff's August 8, 2025 request as taking aim at my August 7, 2025 Letter Decision denying the first motion for reargument. Rule 59(a) does not apply to the August 7 decision either, so I will treat the new request as a second motion for reargument under Rule 59(f).

Plaintiff's second motion for reargument fails on the merits. The court will grant a motion for reargument upon a showing that the court "has misapprehended a material fact or rule of law . . . such that the outcome of the decision would be affected."[5] A motion for reargument is "not a mechanism for litigants to relitigate claims already considered by the court, or to raise new arguments that they failed to present in a timely way."[6] Plaintiff has not identified any law or fact that I misapprehended. He largely re-raises arguments he previously made in his July 28, 2025 motion, arguments that I previously rejected. Plaintiff's second motion for reargument is denied. The case is closed.

Sincerely,

*/s/ Kathaleen St. Jude McCormick*

Chancellor

cc:     All counsel of record (by *File & ServeXpress*)

---

[5] *Sunrise Ventures, LLC v. Rehoboth Canal Ventures, LLC,* 2010 WL 975581, at *1 (Del. Ch. Mar. 4, 2010), *aff'd,* 7 A.3d 485 (Del. 2010) (citations and internal quotation marks omitted).

[6] *Id.* (quoting *Am. Legacy Found. V. Lorillard Tobacco Co.*, 895 A.2d 874, 877 (Del. Ch. 2005) (internal quotation marks omitted)).